Carson vs. Carson.

---

CASE 19—JUNE 17.

## Carson vs. Carson.

APPEAL FROM LINCOLN CIRCUIT COURT.

A party against whom a proceeding is instituted to compel a restitution of money that had been collected on a judgment which was afterwards reversed, can defeat a recovery by making it appear that he has a demand against the claimant (who is a non-resident) fully equal in amount to the sum which was collected under the judgment, and which he is called upon to refund.

A. A. BURTON, for appellant, cited 7 *B. Mon.*, 654; 9 *B. Mon.*, 44; 4 *B. Mon.*, 137.

F. T. Fox, for appellee, cited 1 *Met.*, 434.

CHIEF JUSTICE SIMPSON DELIVERED THE OPINION OF THE COURT:

This was a proceeding to compel a restitution of money that had been collected on a judgment, which was afterwards reversed.

The question to be decided is, can the party against whom such a proceeding is instituted defeat a recovery by making it appear that he has a demand against the claimant, fully equal in amount to the sum which was collected under the judgment, and which he is called upon to refund?

We do not deem it necessary to decide whether an ordinary set-off could be relied upon for that purpose, inasmuch as it appears in this case that the claimant is a non-resident; and that fact of itself creates an equity in favor of the party against whom he is proceeding, and imparts to the set-off which he relies upon a peculiar and equitable character.

We are unable to perceive any good reason why a set-off should not be allowed in such a case, when the claimant is a non-resident or insolvent. It would be unjust to permit him to compel a party to whom he was indebted to pay him money, when circumstances exist which would render it difficult or impossible to compel him to pay what he justly owes to the same party.

It appears that the claimant is a non-resident; that the parties, by an agreement in writing, submitted to arbitration certain matters of controversy between them, and that the arbitrators made an award in favor of the defendant in this motion.

The award, although not made under such a reference as the statute prescribes, is valid as an award at common law, and furnishes evidence of an indebtedness to the defendant, on the part of the plaintiff in the motion, fully equal to the amount which the former collected under the judgment.

The circuit court, under these circumstances, properly refused to compel a restitution of the money.

Wherefore, the judgment is affirmed.